**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TERESA L. O'MALLEY,

        Plaintiff,

vs.

NAPHCARE, INC.,

        Defendant.

:     Case No. 3:12-cv-326

:     District Judge Walter H. Rice
     Magistrate Judge Michael J. Newman

:

## REPORT & RECOMMENDATION[1] AND ORDER

    This matter is presently before the Court upon two motions: (1) Defendant NaphCare Inc.'s ("NaphCare") motion to dismiss (doc. 7); and (2) Plaintiff's motion for leave to file an amended complaint (doc. 13), filed while she was proceeding *pro se*. Both motions, having been fully briefed, are ripe for decision. *See* docs. 10, 12, 15, 18.

### I. Plaintiff's Motion for Leave to Amend

    Rule 15 provides, in part, that "a party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)).

    Although denial of leave to amend is warranted in certain circumstances, Rule 15(a) sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their

---

[1] Attached hereto is a NOTICE to the parties regarding objections to the Court's Report & Recommendation contained herein.

merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Moreover, allegations in a *pro se* complaint are to be construed liberally. *See*, *e.g.*, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Plaintiff was proceeding *pro se* at the time she filed her motion for leave to amend, but is now represented by counsel.[2] Plaintiff's proposed amendment asserts additional facts and claims, and also names additional Defendants. *See* doc. 13-2. However, the Court notes *sua sponte* that the proposed amendment names Karina Carlisle and Gary Blair as Defendants, and adding these parties could destroy the Court's subject matter jurisdiction premised upon the diversity of the parties. Ms. Carlisle and Mr. Blair both appear to work at the Montgomery County, Ohio Jail; if either are an Ohio resident, like Plaintiff, complete diversity amongst the parties would not exist and the Court would no longer have subject matter jurisdiction under 28 U.S.C. § 1332. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original).

Plaintiff's proposed amendments and decision to include additional defendants were done without the advice of her new counsel. Therefore, at this early juncture in the litigation, and being mindful of the Rule 15(a) liberal pleading standard, it is appropriate to allow Plaintiff and her counsel **TEN DAYS** in which to file a new amended complaint. NaphCare may renew its motion to dismiss if it continues to believe Plaintiff's amended complaint fails to state a claim.[3] As such, Plaintiff's motion for leave to amend (doc. 13) is **GRANTED**. Plaintiff's amended complaint shall be filed on or before **April 19, 2013**. NaphCare may file any appropriate motion

---

[2]On March 27, 2013, counsel entered an appearance on Plaintiff's behalf. *See* doc. 19.
[3]The Court notes that Plaintiff's original complaint, accompanied by a request to proceed *in forma pauperis*, is deemed to have been filed on October 4, 2012, the date on which the Court received the complaint. *See White v. Rockafellow*, No. 98-1242, 1999 U.S. App. LEXIS 8183, at *4-5 (6th Cir. Apr. 27, 1999); D*ean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 671 (6th Cir. 1991).

directed to the amended complaint not later than **May 16, 2013**. *See* doc. 14. Briefing on any such motion shall be in accordance with S. D. Ohio Civ. R. 7.2.

## II. NaphCare's Motion to Dismiss Plaintiff's Initial Complaint

An amended complaint supersedes the original pleading, thus rendering motions to dismiss moot. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Consequently, the Court **RECOMMENDS** that NaphCare's pending motion to dismiss (doc. 7) be **DENIED AS MOOT** since it is addressed to a pleading which is no longer operative. NaphCare's motion should be **DENIED WITHOUT PREJUDICE** and subject to renewal, if appropriate, for the reasons more fully set forth above.

## III. Order and Recommendation

Based upon the foregoing, it is therefore **ORDERED**:

1) Plaintiff's motion for leave to amend (doc. 13) is **GRANTED**; and

2) Plaintiff's amended complaint shall be filed on or before **April 19, 2013**.

Additionally, the Court **RECOMMENDS**:

1) NaphCare's motion to dismiss Plaintiff's initial complaint (doc. 7) be **DENIED AS MOOT,** and **WITHOUT PREJUDICE** to refile on or before May 16, 2013.

April 9, 2013            s/ **Michael J. Newman**
United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections.  If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).