IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA L. O'MALLEY,  : Case No. 3:12-cv-326
    Plaintiff,

v.  : JUDGE WALTER H. RICE

NAPHCARE, INC.
    Defendant.  : MAGISTRATE JUDGE MICHAEL J. NEWMAN

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART THE PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FILED BY DEFENDANT NAPHCARE, INC. (DOC. #42); ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. #52); OVERRULING THE DEFENDANTS' OBJECTIONS (DOC. #53) TO SAID JUDICIAL FILING; AND DISMISSING WITH PREJUDICE THE FIRST AMENDMENT RETALIATION CLAIM UNDER 42 U.S.C. § 1983, COUNT FOUR OF THE THIRD AMENDED COMPLAINT (DOC #41)

---

Plaintiff Teresa L. O'Malley ("O'Malley" or "Plaintiff") brings this action against her former employer, Defendant NaphCare, Inc. ("NaphCare" or "Defendant"). Her Third Amended Complaint (Doc. #41) alleges discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (Count One), state common law claims for defamation (Count Two) and wrongful discharge in violation of public policy (Count Three), and a First Amendment retaliation claim arising under 42 U.S.C. § 1983 (Count Four). The Court has

federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over the federal claims, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.[1]

Pending before the Court are NaphCare's Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #42), which moves for dismissal of O'Malley's common law claim for defamation (Count Two) and her claim of First Amendment Retaliation arising under 42 U.S.C. § 1983 (Count Four). Also pending before the Court are the Report and Recommendation of the United States Magistrate Judge (Doc. #52), which recommends dismissing O'Malley's First Amendment retaliation claim and overruling NaphCare's motion with regards to the defamation claim, and NaphCare's Objections (Doc. #53) to the Report and Recommendations.

As a preliminary matter, O'Malley's Response to NaphCare's Partial Motion to Dismiss states that she has "dropped" her First Amendment retaliation claim under 42 U.S.C. § 1983. Doc. #44 at 1 n.1. Accordingly, Naphcare's Partial Motion to Dismiss is SUSTAINED with regards to Count Four of O'Malley's Third Amended Complaint, which is DISMISSED WITH PREJUDICE.

The Magistrate Judge recommends overruling NaphCare's motion with regards to O'Malley's defamation claim, Count Two of the Third Amendment Complaint. NaphCare's Partial Motion to Dismiss states three arguments in

---

[1] O'Malley alleges subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332, but her ADEA and § 1983 claims support original jurisdiction, and, by extension, supplemental jurisdiction over her common law claims. The Third Amended Complaint alleges few, if any, facts that demonstrate the amount in controversy requirement of 28 U.S.C. § 1332(a).

2

support of dismissing O'Malley's defamation claim. Doc. #42. The Court will consider each argument in turn, at the same time addressing the recommendations of the Magistrate Judge and NaphCare's objections thereto.

First, NaphCare invokes the one-year statute of limitations under Ohio Rev. Code § 2305.11(A) that applies to defamation claims. Doc. #42 at 5. According to NaphCare, because O'Malley filed suit on October 4, 2012, the statute precludes any statement made before October 4, 2011, from forming the basis for her defamation claim. *Id.*

The Magistrate Judge rejects NaphCare's statute of limitations argument, finding that O'Malley's claim accrued on October 4, 2011, the date on the discharge summary that contains the allegedly defamatory statement. Doc. #52 at 7. NaphCare makes no objection to the Magistrate Judge's analysis of the limitations issue. The Court agrees with the Magistrate Judge, and notes that O'Malley explicitly identifies the October 4, 2011, discharge summary as the first instance of publication of the allegedly false accusation that she was responsible for missing narcotics at the Montgomery County Jail. Doc. #41 at 17-18. Accordingly, O'Malley's defamation claim will not be dismissed on statute of limitations grounds.

Second, NaphCare argues that O'Malley failed to plead a legally sufficient defamation claim because it fails to identify "a single defamatory statement upon which her claim may be based." Doc. #42 at 5. NaphCare quotes a number of sentences and paragraphs from the Third Amended Complaint to support this

3

assertion. *Id.* at 6-7. The Magistrate Judge disagrees, finding that O'Malley has sufficiently described a defamatory statement with the allegedly false statement in the discharge summary that narcotics were missing while she supervised the medication cart, and facts alleging that the narcotics were never actually missing. Doc. #52 at 7.

NaphCare objects to the Magistrate Judge's analysis, arguing that the language of the discharge summary does not contain a false or defamatory statement about O'Malley:

> Based on the actual language of this disciplinary document, however, Plaintiff has not identified a potentially defamatory statement ***about her*** upon which her claim may be based. This is critical. The statement in the document indicating that a pharmacist had discovered a "missing narcotic pill" is not defamatory ***about Plaintiff***.

Doc. #53 at 6 (emphasis in original). In support of this argument, NaphCare quotes (with emphasis) the following language from the discharge summary, which O'Malley attached to the Third Amended Complaint:

> Today September 30th Nurse Teresa was the appointed charge nurse during 7a-3p shift and was responsible for the Narcotic Count. *Pharmacist Mary visited our facility earlier today and discovered 1 tab of Ativan 1mg missing from one of the blistered cards which will be reported to the appropriate authorities. DON Gary Blair and I spoke with Nurse Teresa about the missing narcotic pill* and she admitted she does not check that the narcotic cards are checked for tempered evidence individually. After discussion with Nurse Teresa, reportedly she proceeded to throw the charge nurse key set onto another nurse['s] med cart and left the building [] without ensuring narcs were counted and keys were properly passed on to oncoming shift.

Doc. #41-2 at 1.

4

On the original discharge summary, the paragraph above is captioned "Description and Date of Alleged Misconduct," the recommended discipline is "discharge," and the next page contains the approval of the discharge by NaphCare's legal department. *Id.* at 1-2. NaphCare's assertion that the statement in question is not "about" O'Malley, or that it does not qualify as being "of or concerning" her for purposes of a defamation claim, is not well taken. NaphCare's exacting standard would apparently not be satisfied by anything less than the bald assertion that "O'Malley stole the narcotics." The discharge summary, however, clearly states that she was responsible for the narcotics at the time they went missing. It blames her for their alleged disappearance and fires her for the same reason. The argument that the statement in question is not "about her," with sufficient specificity required to state a defamation claim, is simply untenable. O'Malley alleges that the statement is "filled with lies," and states that every factual contention of the discharge statement was untrue. Doc. #41 at 18. If, as she alleges, she was not responsible for the missing narcotics, and NaphCare published the statement that she was responsible for them to others, O'Malley has plausibly stated the first element of a defamation claim.[2]

---

[2] The elements of a defamation claim are: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Harris v. Bornhorst*, 513 F.3d 502, 522 (6th Cir. 2008) (quoting *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 611 N.E.2d 955, 962 (Ohio Ct. App. 1992)).

5

NaphCare also objects to the Magistrate Judge's conclusion that O'Malley's defamation claim sufficiently alleges an unprivileged publication to a third party. According to the Magistrate Judge, it is reasonable to infer that NaphCare had communicated the information from the discharge statement to the counselor who denied O'Malley's education loan, based on her allegation that the counselor used the missing narcotics from her previous employer as a justification for the denial. Doc. #52 at 7-8.  NaphCare objects that this was not a reasonable inference for the Magistrate Judge to make because it was based only on a suspicion that the counselor had received the information from NaphCare. Doc. #53 at 8.  According to NaphCare, the allegations in the Third Amended Complaint make it equally plausible that the counselor received such information from a source other than NaphCare, as O'Malley admits discussing her termination with others. *Id.* at 9.

Regardless of whether the Third Amended Complaint made it equally plausible to infer that someone other than NaphCare was the source of that information, when ruling on a motion to dismiss, this Court must liberally construe the allegations in O'Malley's favor. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  It was not unreasonable for the Magistrate Judge to infer that NaphCare was the source of the information that led to the loan refusal.  The language of the Third Amended Complaint states that O'Malley was "turned down because of 'unresolved issues with former employer.'  The counselor who turned her down specifically mentioned the 'missing narcotics' charge." Doc. #41 at 20.  Based on this allegation, it is plausible to infer that NaphCare was the source of the

6

information. O'Malley also expressly alleges that Karina Carlisle, NaphCare's Health Services Administrator, "discuss[ed] the termination of Plaintiff for 'missing narcotics'" with a nurse weeks after the termination. *Id.* at 19. The plausible inference of publication identified by the Magistrate Judge and the allegation that Carlisle continued to attribute the missing narcotics to O'Malley sufficiently allege publication of the defamatory statement upon which she bases her claim. Accordingly, NaphCare's objection to the Magistrate Judge's conclusion that O'Malley failed to adequately plead her defamation claim is overruled.

NaphCare's final argument in support of dismissal of the defamation claim asserts that O'Malley is precluded from asserting a defamation claim because she informed a jail employee that she had been discharged for "missing narcotics" when she exited the jail after her termination. The Magistrate Judge rejects this argument because "NaphCare cites no authority for the proposition that O'Malley's voluntary communication to Captain Roy precludes the entirety of her defamation claim . . . as a matter of law." Doc. #52 at 8. NaphCare has not objected to this analysis. The Court rejects the argument that this allegation is a basis for finding that her defamation claim is insufficient as a matter of law. The allegation occurs in a description of her interactions with jail officers as she left the premises after being terminated. It does not describe the type of affirmative publication by a plaintiff that would preclude a viable defamation claim. *See, e.g.*, *Kemper v. Am. Broad. Co.*, 365 F. Supp. 1275, 1276 (1973) (granting summary judgment where plaintiff "himself expressed his desire for release" of allegedly defamatory

7

statements and "approved of the release" to the press). Nor does the allegation suggest that she conceded that NaphCare's stated reason for terminating her was the truth. *See, e.g., Iwenofu v. St. Luke Sch.*, 724 N.E.2d 511 (Ohio Ct. App. 1999) (upholding grant of summary judgment against plaintiff who "himself admitted that he touched the female students in the manner the school described in its statements" that formed the basis for his defamation claim). Under NaphCare's argument, no plaintiff who repeats a defendant's false statement to another could then sue the defendant for defamation. For these reasons, the Court rejects the argument that O'Malley's statement to Captain Roy requires the dismissal of her defamation claim.

For the reasons set forth above, the Court ADOPTS the Report and Recommendation of the United States Magistrate Judge (Doc. #52) and OVERRULES Naphcare's Objections (Doc. #53) to said judicial filing.

Defendant Naphcare's Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #42) is SUSTAINED IN PART and OVERRULED IN PART. The motion is SUSTAINED with regards to Count Four of the Third Amended Complaint, the First Amendment retaliation claim under 42 U.S.C. § 1983, which is DISMISSED WITH PREJUDICE. The motion is OVERRULED with regards to Count Two, the common law claim for defamation.

Date: November 17, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE